UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MALCO REAL ESTATE, INC.**,          Case Number 3:14 CV 556

    Plaintiff,          Magistrate Judge James R. Knepp II

    v.          MEMORANDUM OPINION AND ORDER

**JOHN THARP, SHERIFF OF LUCAS COUNTY, et al.,**

    Defendants.

### INTRODUCTION

Plaintiff Malco Real Estate, Inc. brings this action on behalf of itself and all others similarly situated to recover sums paid to Defendant the City of Toledo ("the City") as the result of a water bill, which was not properly certified as a lien against the real estate at issue in this matter; and to enjoin the City and John Tharp, Sheriff of Lucas County ("Sheriff") from continuing to treat unpaid utility bills as a lien on real property, creating a priority to the mortgage. (Doc. 1, at 7; Doc. 24, at 1). Specifically, Plaintiff claims Defendants' acts amount to a taking without just compensation in violation of the Fifth and Fourteenth amendments of the U.S. Constitution; the City would be unjustly enriched if it is allowed to retain money paid due to the "false lien"; and that Plaintiff and those similarly situated are entitled to injunctive relief to

prevent the ongoing practice of taking the amounts due on water bills which have not been certified as a lien[1]. (Doc. 1, at 7-8).

The district court has jurisdiction under 42 U.S.C. § 1331 and the parties have consented to the exercise of jurisdiction by the undersigned in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 10).

Defendants filed separate motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), (Doc. 20, Doc. 22), which Plaintiff opposed (Doc. 24). Both Defendants replied. (Doc. 25, Doc. 26). Because Plaintiff's claims are barred by the doctrine of *res judicata* and the Sheriff is entitled to absolute immunity, Defendants' motions are GRANTED.

## BACKGROUND

In determining whether to grant a Rule 12(c) motion for judgment on the pleadings, this Court must accept the well-pleaded factual allegations of the complaint as true and construe the facts in a light most favorable to the plaintiff. *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012); *see also Latits v. Phillips*, 573 F. App'x 562, 564 (6th Cir. 2014). The complaint alleges the following facts.

The Sheriff and the City, have for multiple years, required the payment of outstanding water and sewer bills as part of the costs incident to foreclosure of a mortgage secured by real property located in the City of Toledo. (Doc. 1, ¶ 1). The outstanding water bill was placed on the cost bill for every foreclosure sale conducted by the Sheriff. (Doc. 1, ¶ 2).

---

1. In his Brief in Opposition Plaintiff alleges that an unlawful seizure in violation of the Fourth amendment occurred, however this allegation is not contained in the complaint. *Compare* (Doc. 1) *with* (Doc. 24, at 11-14). Since the Rules require Plaintiff to generally state all the grounds for relief he is alleging in the Complaint, and since Plaintiff has not filed for leave to amend the Complaint, this allegation cannot be considered. Fed.R.Civ.P. 8 (a); *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) ("while 'a complaint need not set down in detail all of the particularities of a plaintiff's claim,' the complaint must give the defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'") (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)).

Plaintiff filed a foreclosure action in the Lucas County Court of Common Pleas (case no. CI2009-01405) against the property known as 644 Boalt Street, Toledo, Ohio and obtained a judgment on its mortgage as the first and best lien on the property subject only to real estate taxes. (Doc. 1, ¶¶ 14-15). As part of the order, the court required a space be placed within the order for utilities outstanding on the property. (Doc. 1, ¶ 16). The property proceeded to sale and the Sheriff inserted the amount of $1,864.83 on the Sheriff's return for the payment to the City of Toledo, Department of Utilities. (Doc. 1, ¶ 17). In this case, as the City has done in similar cases, the City failed to certify the amount to the County Auditor to be included in the tax duplicate. (Doc. 1, ¶ 19).

## STANDARD OF REVIEW

"The standard of review applicable to a motion for judgment on the pleadings . . . is the same . . . standard applicable to a motion to dismiss under Rule 12(b)(6)." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)). "In reviewing a motion for judgment on the pleadings, we 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Aho v. Cleveland–Cliffs, Inc.*, 219 F. App'x 419, 422 (6th Cir. 2007) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which governs motions to dismiss, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Chapter Twp. Of Cornstock*, 592 F.3d 718 at 722 (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Defendants assert they are entitled to judgment on the pleadings because: (1) The district court does not have subject matter jurisdiction under the *Rooker-Feldman* Doctrine; (2) Plaintiff's claims are barred by *res judicata*; (3) Plaintiff's claims are barred by collateral estoppel; (4) Plaintiff has no valid claim for injunctive relief; (5) Plaintiff's claim is a thinly disguised mandamus claim not ripe for review until state compensation procedures have been exhausted; (6) Plaintiff has no valid claim for unjust enrichment; and (7) the Sheriff is entitled to absolute immunity. (Doc. 20, at 3, 7, 12; Doc. 22, at 5, 6, 7).

**<u>Subject Matter Jurisdiction- *Rooker-Feldman*</u>**

As a preliminary matter, the Sheriff asserts that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* doctrine is based on the negative inference that if appellate review of state court judgments is vested in the Supreme Court by 28 U.S.C. §1257(a), then it follows that such review is prohibited by lower federal courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S 280, 283-84 (2005); *see also, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

As the Supreme Court most recently explained in *Exxon*:

> The *Rooker-Feldman* doctrine is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state court judgments . . . inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or otherwise augment the circumscribed doctrines allowing federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp.*, 544 U.S. at 281.

In light of *Exxon*, the Sixth Circuit has held that the appropriate inquiry to determine whether there is no subject matter jurisdiction under *Rooker-Feldman* is "whether the 'source of

4

injury' upon which Plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.2d 364 (6th Cir. 2008) (citing *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006)).

Here, Plaintiff is alleging Defendants "went beyond the State Court's order and placed a false lien for water bills in the cost bill for foreclosure." (Doc. 24, at 12). Although, as explained below, the plain language of the order does appear to authorize the Sheriff to determine the amount due on his return as he did, because Plaintiff is alleging that his injury was caused by the Sheriff and the City and not the state court order itself *Rooker-Feldman* does not deprive this court of subject matter jurisdiction. Rather, the appropriate analysis is whether preclusion doctrine applies because Plaintiff's claim or issues it raises have already been decided in state court.

**Res Judicata**

Defendants assert Plaintiff's claims are barred by the doctrine of *res judicata* because each of Plaintiff's claims arise from the mortgage foreclosure proceeding initiated by Plaintiff in state court and either were, or could have been raised during the prior proceeding. (Doc. 20, at 3). Defendants' argument is well-taken.

"Well-settled law directs federal courts to give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 (1984)) (internal quotation marks omitted)); *Buck v. Thomas Cooley Law School*, 597 F.3d 812, 816–17 (6th Cir. 2010).

5

Under Ohio law, the doctrine of *res judicata* consists of "the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007); *see also Holzemer v. Urbanski*, 712 N.E.2d 713, 716 (Ohio 1999). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti*, 862 N.E.2d at 806. Issue preclusion applies when a party attempts to litigate issues actually decided against it in a prior case. *Brown v. Florida Coastal Partners, LLC*, 2014 WL 5107706, at *4 (S.D. Ohio).

Claim preclusion has four elements: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (applying Ohio law); *see also Doe ex rel. Doe v. Jackson Local Schools, School Dist.,* 422 F. App'x 497, 500 (6th Cir. 2011).

Here, Defendants' assertion of claim preclusion fails because neither the City nor the Sheriff were joined as parties to the foreclosure action. Although Defendants argue the Supreme Court held in *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326-28 (1979) that the mutuality doctrine no longer applies and that "Plaintiff cannot relitigate identical issues by merely switching adversaries until the supply of defendants runs out (Doc. 20, at 5; Doc. 26, at 7), this argument is not well taken because the cases Defendant cites are applying the doctrine of issue preclusion rather than the doctrine of claim preclusion. *See Parklane Hosiery Co., Inc.*, 439 at 326-28; *Asahi Glass Co., Ltd. v. Toledo Eng. Co., Inc.*, 505 F.Supp.2d 423, 431 (N.D. Ohio

2007). As such, in order to succeed on their motion, Defendants must meet the requirements for issue preclusion.

Issue preclusion requires: (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Kosinski v. Commissioner of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008) (quoting *United States v. Cinemark USA, Inc.,* 348 F.3d 569, 583 (6th Cir. 2003)).

In the instant case, Plaintiff filed a foreclosure action on 644 and 645 Boalt Street, Toledo, Ohio in the Lucas County Common Pleas Court. (Doc. 1, ¶ 14). On March 21, 2013, the Lucas County Common Pleas Court issued an Amended Judgment Entry confirming the sale of 644 Boalt providing in pertinent part:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Sheriff convey to the purchasers, by deeds according to law, the property so sold, subject to all real estate taxes due; and the said purchaser is hereby subrogated to all the rights of lien holders in said premises as far as they may be paid herein, for the protection of its title and writ of possession is hereby awarded to purchaser, its successors and assigns as such, in possession of the premises.
> It is ordered that the following amounts be paid by the Sheriff:
>
> First: To the Clerk of Courts, the sum of $498.74 in court costs herein;
>
> Second: To the Auditor of Lucas County, Ohio, for real estate taxes, penalties, and assessments:
>     Parcel I (PPN 02-21381): $899.86
>     Parcel II (PPN 02-21487): $525.88
> and $74.40 for conveyance fees; purchaser takes property subject to taxes as they come due;
>
> Third: To the Sheriff of Lucas County, Ohio, the sum of $2794.30 for the Sheriff's costs including deed fee and administrative fee;

>Fourth: To local Utilities companies in the amount of $1.00

>The Clerk of Courts Office and or the Sheriff's Office are hereby authorized to adjust the amounts shown on the entry regarding Court Costs, Sheriff's Expenses, real estate taxes, and utilities owed up to the date of distribution.

(Doc. 1, at 13.)

In order to meet the requirements of issue preclusion Defendants must first prove the precise issue in the present case was raised and actually litigated during the prior proceeding. *Kosinski*, 541 F.3d at 675. Defendants argue Plaintiff already had an opportunity to litigate whether Plaintiff was required to pay the outstanding water bill in the state foreclosure action. (Doc. 20, at 7-10; Doc. 22, at 6-7). Plaintiff contends that the Sheriff acted outside the scope of the order when he paid the water bill that was not a lien on the property and that the payment to the City of Toledo, Division of Water involved an "extra judicial scheme between the Sheriff and the City, and not as a result of any determination by the Common Pleas Court that in fact the City had a claim to be repaid." (Doc. 24, at 8, 10-11).

The plain language of the order is clear, "the Sherriff's Office [is] hereby authorized to adjust the amounts shown on the entry regarding Court Costs, Sheriff's Expenses, real estate taxes, and utilities owed up to the date of distribution." (Doc. 1, at 13). Plaintiff argues the intent of the order is to authorize the Sheriff to adjust for the costs of utilities *only if they are a lien on the property*. However, Plaintiff supplies this Court with no law interpreting a judgment entry confirming sale to this effect. The purpose of the foreclosure process is to determine what liens exist and the purpose of the subsequent confirmation of sale process is to determine the amounts of the liens as well as other costs owed, thus by the very nature of the action, whether a lien exists and the actual final total to be paid in costs is actually litigated during the foreclosure and confirmation proceedings. *See CitiMortgage, Inc. v. Roznowski*, 11 N.E.3d 1140, 1150 (Ohio

8

2014) (explaining "the order of foreclosure determines the extent of each lienholders interest," and that on appeal from a confirmation the parties may challenge the final total owed.). And, it follows that if the purpose of the foreclosure and confirmation proceedings is to determine liens and foreclosure costs, then the second requirement of issue preclusion is also met because the determination of such actions is necessary to the outcome of the prior proceeding. The time for Plaintiff to raise the issue of the water bill not being a lien was during the foreclosure and confirmation proceedings. Further the third element of issue preclusion is also present, Ohio law is clear, both the order and confirmation proceedings constituted a final decision on the merits. *Id.*

The only issue that remains is whether Plaintiff had a full and fair opportunity to litigate the matter at the prior proceeding. Plaintiff argues because the amount due on the water bill was not properly certified as a lien, he did not have notice of it and thus was deprived of his full and fair opportunity to litigate. (Doc. 24, at 11). This issue touches on a complex and relatively unlitigated area of state law. The Ohio Supreme Court only recently addressed whether a judgment decree of foreclosure that has unspecified amounts as to costs is a final appealable order. *CitiMortgage*, 11 N.E.3d at 1151. While it is clear an order confirming sale is a final appealable order, it is not yet clear at what point this occurs. Ohio courts have not determined if a confirmation of sale can also provide only unspecified amounts and still constitute a final appealable order. If the order is not final and appealable until the final amount has been entered it is clear that Plaintiff's rights have already been adjudicated as he should have simply appealed the confirmation of sale rather than commencing action in federal court. However, even if a confirmation of sale is final and appealable with an unspecified amount entered in the costs, it is further not clear whether a subsequent decision to take a particular amount could be appealed

9

regardless, with the amount taken by the Sheriff read retroactively into the trial court's decision. As such, it's difficult for this Court to determine the exact nature and extent of Plaintiff's opportunity to litigate this issue.

Moreover, the plain language of the order instructs the Sheriff to "adjust . . . utilities owed up to the date of distribution" (Doc. 1 at 13), and provides notice that certain utilities are in fact owed as liens on the property or that Plaintiff was otherwise obligated to pay certain utilities. If Plaintiff had an objection because the utilities had not been properly certified as a lien, he presumably could have raised it at this time. Further, even if Plaintiff could not have known that the water bill was not a lien, he could have appealed the plain language of the confirmation of sale which instructs the Sheriff to charge outstanding utilities without providing that such utilities must constitute a lien on real property.

Hence, (1) the precise issue, whether Plaintiff was obligated to pay the delinquent water bill was raised at the prior proceeding; (2) determination of that issue was necessary to the outcome of the proceeding as the Court's sole determination was what Plaintiff was required to pay for as Purchaser; (3) there was a final judgment on the merits; and (4) Plaintiff had a full and fair opportunity to litigate the issue but he failed to raise any objection. Therefore, a court of competent jurisdiction has decided Plaintiff was required to pay the water bill as part of the sale and Plaintiff is estopped from litigating against the Sheriff or the City for what they received in compliance with that order.

## **Sheriff's Immunity**

Further, because it's clear that this issue was already decided in the prior litigation, it's also clear the Sheriff was merely acting in compliance with the Court order despite Plaintiff's argument that the Sheriff's actions went beyond the court order. (Doc. 24, at 9). In this capacity

10

of enforcing the court order, the Sheriff is acting in the judge's judicial capacity and is therefore entitled to absolute quasi-judicial immunity from suit. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Webb v. Green County Sheriff's Office*, 494 F. Supp. 2d 779, 788-789 (S.D. Ohio 2007). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Smith v. Leis*, 407 F. App'x. 918, 929 (6th Cir. 2007). Here, the Sheriff was ordered to adjust costs for outstanding utilities. (Doc. 1, at 13). He did just that in charging Plaintiff for the outstanding water bill. Although Plaintiff argues this was improper since the water bill was not a lien on the property, the order did not mention this and hence the Sheriff was complying with the order in charging Plaintiff with the money. Therefore, he is immune.

Because Plaintiff's claims are barred by the doctrine of *res judicata* and the Sheriff has absolute immunity with respect to his actions to enforce the foreclosure sale, it is not necessary for this Court to decide whether Plaintiff's claim for injunctive relief is valid, whether the City has been unjustly enriched, or whether this is an action that must first go through the state mandamus process.

## CONCLUSION

For the reasons stated above, the Court finds as a matter of law that Plaintiff can prove no set of facts in support of the claims which would entitle it to relief. Therefore, the Court grants Defendants' respective Motions for Judgment on the Pleadings and dismisses Plaintiff's Complaint.

IT IS SO ORDERED.

                                                                s/James R. Knepp II
                                                                United States Magistrate Judge